## M. Nusbaum, Plff. in Err., *v.* Louchheim Brothers et al., and Liveright et al.

Upon the trial of a question whether there had been a combination between a merchant heavily indebted and one of his creditors, to defraud the others, the judge charged the jury that "a very slight degree of concert or collusion is sufficient to establish fraud," etc. *Held,* that the word "fraud" was undoubtedly used by the judge and understood by the jury with reference to the facts of the case, and as meaning combination to defraud, such as was under investigation; and that, so employed, it was not calculated to mislead, and, therefore, was not ground of reversal.

(Decided October 19, 1885.)

Error to the Common Pleas of Greene County to review a judgment founded on a verdict on a feigned issue. Affirmed.

Cited in Delshimer Bros. v. Kelly, 5 Pa. Dist. R. 536, holding that attachment will lie against goods levied upon under execution.

NOTE.—The mere fact that the debtor is insolvent will not render void-

In 1881, M. Nusbaum, the plaintiff in error, was in busi-ness in Baltimore as a wholesale clothing merchant, and Nathan Schack was a retail clothier in Waynesburg. A series of sales had been made by Nusbaum to Schack, on ordinary mercantile credits, upon which Schack had made some payments; but by the end of 1881 the balance of account between them was near-ly $4,500 in Nusbaum's favor, a part of which sum was rep-resented by Schack's notes. On January 12, 1882, Schack gave Nusbaum a judgment note for his balance. January 16, 1882, judgment was entered on this note, execution was issued, and a levy made on Schack's stock of goods. Meantime the firms of Louchheim Brothers, and Liveright, Greenwalt, & Co., which had severally supplied goods to Schack on credit, for which he was indebted to them, commenced suits in assumpsit by attach-ment against him, on their respective demands. On January 25, the sheriff sold Schack's stock of goods realizing about $3,000. Having been notified that it would be claimed by the attachment creditors, he paid the net sum into court. Applica-tion having been made, in due course, by Nusbaum, for the money, and objections having been filed by the Louchheim and Liveright firms, the court granted an issue to try the question, "Was the note of Nathan Schack in favor of M. Nusbaum on which judgment was entered . . . given with intent to hinder, delay, and defraud Louchheim Bros. and Liveright, Greenwalt & Co. ?" The court directed that in the issue Louch-heim Bros. and Liveright, Greenwalt & Co. should be plaintiffs and M. Nusbaum defendant.

Upon the trial of the feigned issue much evidence was intro-duced on each side, tending to show or to disprove a fraudulent combination between Schack and Nusbaum to exaggerate the ac-counts against Schack and Schack's indebtedness to Nusbaum, and to secure for Nusbaum, by means of the judgment and exe-cution, a fraudulent preference over the Louchheim and Live-right firms. The judge, at the request of the plaintiffs' coun-

able the judgment confessed to a bona fide creditor, though the effect is to give a preference to the creditor. Keen v. Kleckner, 42 Pa. 529; Greenwalt v. Austin, 1 Grant Cas. 169; Worman v. Wolfersberger, 19 Pa. 59. But if the creditor preferred receives the judgment in collusion with the debtor to defraud other creditors it is void. Werner v. Zierfuss, 162 Pa. 360, 29 Atl. 737.

sel, told the jury, among other instructions, that "a very slight degree of concert or collusion is sufficient to establish fraud, and may be inferentially established by the relation, conduct, and surrounding circumstances of the parties." Error in this instruction was the only assignment of error which was considered by the supreme court. The jury found the judgment fraudulent, and Nusbaum brought error to review the judgment entered on their finding.

*A. A. Purman,* for plaintiff in error.—The request and charge here objected to were based upon McDowell v. Rissell, 37 Pa. 164, but that case does not support them.

Relationship is not evidence of collusion or combination. Reehling v. Byers, 94 Pa. 323.

An embarrassed or insolvent debtor may prefer one creditor to another without being guilty of fraud; and a creditor may take a preference even though the effect will be to delay another creditor. York County Bank v. Carter, 38 Pa. 453, 80 Am. Dec. 494.

The fact that Schack was indebted to the plaintiffs when he gave the judgment note to Nusbaum is not fraud; nor is his giving the note a short time before the demands of plaintiffs became due. Mateer v. Hissim, 3 Penr. & W. 164; Covanhovan v. Hart, 21 Pa. 500, 60 Am. Dec. 57.

*Brock & Teagarden, J. B. Donley,* and *J. M. Moyer* for defendants in error.

Per Curiam:

At first we were inclined to think there was substantial error in the point covered by the sixth specification of error. A more careful consideration of it leads to the conclusion that the true meaning thereof was not misleading.

The word "fraud" is used as synonymous with "combination." Under the other facts in the case, the latter, being proved, establishes the former. The evident meaning of the latter part of the point is that the jury might consider all the conduct and circumstances of the parties reasonably tending to

establish the combination. Thus understanding it, we see no error therein sufficient to call for a reversal.

Judgment affirmed.